UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PERCEPT TECHNOLOGIES,

    Plaintiff,

v.

FOVE, INC.

    Defendant.

Case No. 2:15-cv-02387-RFB-CWH

**ORDER**

**I.    INTRODUCTION**

Plaintiff Percept Technologies brings this patent infringement case against Defendant Fove, Inc., for alleged infringement of a Virtual Reality (VR) headset patent held by Plaintiff. Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. [ECF No. 8]. The Court initially held a hearing on this matter on January 25, 2017, and denied the motion without prejudice, but ordered jurisdictional discovery and supplemental briefing on the issue of jurisdiction. The Court held a jurisdictional hearing on June 20, 2017, and ruled that venue is improper in the District of Nevada, and that the case shall be transferred to the District of Delaware. The factual findings and legal determinations made at that hearing are incorporated by reference, and the Court elaborates its ruling in the instant order.

**II.    BACKGROUND**

    **A. Jurisdictional Facts**

Defendant FOVE, Inc. does not have any offices, employees, or land in Nevada. FOVE imported a prototype of its product into Nevada, and used it in a demonstration at the Consumer Electronics Trade Show (CES) in January 2015, held in Las Vegas, Nevada. FOVE also attended

1    CES in January 2016, in Las Vegas, Nevada. FOVE is incorporated in Delaware, and has offices
2    in California and Japan.

### III. LEGAL STANDARD

The patent venue statute, 28 U.S.C. 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The word "reside[nce]" in Section 1400(b), as applied to domestic corporations, refers only to the State of Incorporation. TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514, 1516 (2017).

### IV. DISCUSSION

As Defendant is incorporated in the State of Delaware, under the Supreme Court's holding in TC Heartland, whether venue is appropriate with this Court turns only on the second prong of 28 U.S.C. 1400(b). Plaintiff cites to VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990), for the proposition that the phrase "has a regular and established place of business" within Section 1400(b) means any jurisdiction that has personal jurisdiction over the corporation, and that this Court has specific personal jurisdiction over Defendant, and therefore venue would be proper in this District.

However, this misstates the relevant dicta of VE Holding Corp., which primarily deals with the "residence" section of the patent venue statute, and which, in a footnote, states, "For, wherever a corporate defendant commits acts of infringement and has a regular and established place of business, it will necessarily be subject to personal jurisdiction there." 917 F.2d 1574 at FN 17. In this case, Plaintiff argues that based on Defendant's attendances at the CES conferences, as well as one alleged infringing product sale to a Nevada resident, the Court has specific personal jurisdiction over FOVE, and therefore venue is proper in the District of Nevada. The Court disagrees that, under the patent venue statute, the alleged conduct is sufficient to make venue in Nevada appropriate. Additionally, FOVE does not have a "regular and established place of

business" in Nevada. FOVE's only offices in the U.S. are in California. FOVE does not have any offices, employees, or land in Nevada.

Therefore, venue is improper in the District of Nevada.

**V.  CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that this case is transferred to the United States District Court for the District of Delaware.

DATED: August 8, 2017.

**RICHARD F. BOULWARE, II**
**United States District Judge**